**UNITED STATES of America,
Appellee,**

v.

**Michael PELLICCI, Defendant-Appellant.**

**No. 74–1201.**

United States Court of Appeals,
First Circuit.

Heard Sept. 6, 1974.

Decided Oct. 24, 1974.

Certiorari Denied Jan. 20, 1975.
See 95 S.Ct. 805.

Joseph J. Balliro, Boston, Mass., for appellant.

Robert Henry Plaxico, Atty., Dept. of Justice, Washington, D.C., with whom James N. Gabriel, U.S. Atty., Joel M. Friedman, Sp. Atty., Dept. of Justice, Boston, Mass., and Peter M. Shannon, Jr., Atty., Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE, Circuit Judge, and CLARY*, Senior District Judge.

PER CURIAM.

The appellant was convicted of conducting an illegal gambling enterprise, and appeals on the ground that his motion to suppress evidence obtained through electronic surveillance was improperly denied. The interception of appellant's wire and oral communications had been authorized by a district judge upon application by the government, and the substance of the appeal is the contention that the application was not approved by the Attorney General or his designate as required by 18 U.S.C. § 2516(1).

Appellant first argues that the application was not in compliance with the statute because it was based upon the authority of Robert H. Bork, Acting Attorney General, rather than upon the authority of an "Attorney General". Section 2516(1) provides that "The Attorney General, or any Assistant Attorney General specifically designated by the Attorney General" may authorize an application. The Attorney General and

* Sitting by designation.

the Deputy Attorney General having resigned, Bork designated "the Assistant Attorney General in charge of the Criminal Division."

In our view the dispositive statute is 28 U.S.C. § 508(b). Section 508(b) provides that when the offices of Attorney General and Deputy Attorney General are vacant, and in the case of absence or disability, the Assistant Attorneys General and the Solicitor General "shall act as Attorney General", with the order of their succession determined by departmental regulation. The regulation in force at the time relevant to this case called for the Solicitor General to succeed the Deputy Attorney General. 28 C.F.R. § 0.132(a). Appellant attempts to distinguish the wording of § 508(b) from that of § 508(a), which provides that when there is a vacancy in the office of Attorney General, the Deputy "may exercise all the duties of that office".

■■ There is no basis for concluding that one "acting" as Attorney General has fewer than all the powers of that office. The two subsections of § 508 are not parallel in structure, so the fact that "all" appears in one formulation and not in the other is without import. In reaching this conclusion we also take note of 28 C.F.R. § 0.132(a), which directs that when the offices of Attorney General and Deputy are vacant "the Solicitor General shall perform the functions and duties of and act as Attorney General." The untenable nature of the argument made by appellant becomes apparent in light of the realization that, if accepted, it would place this court in the impossible position of trying to determine which powers Bork succeeded to and which he did not. Appellant argues that just because Congress took care in § 2516(1) to assign a power specifically to the Attorney General, this is one of the powers Bork did not have. The assumption is ap-

parently that an "acting" Attorney General is vested only with powers not specifically assigned to the Attorney General. Not only would such a concept sharply circumscribe the powers of an official intended by Congress to be a complete substitute for an Attorney General, but there would be no principled basis upon which to effect a division of the powers of the office.

Since we have determined that a Solicitor General acting as Attorney General has no less authority than a Deputy Attorney General who is an Acting Attorney General, the conclusion which we have set out above also draws support from those cases which have held that Richard Kleindienst, a Deputy who was Acting Attorney General, could lawfully authorize applications under § 2516. United States v. Lucido, 373 F.Supp. 1142, 1145 (E.D.Mich.1974); United States v. Curreri, 363 F.Supp. 430, 434 (D.Md.1973).

■ Appellant's second argument is that even if Bork was empowered to designate under § 2516, the purported designation was not made in the manner required. Specifically, the contention is that the designation of "the Assistant Attorney General in charge of the Criminal Division", omitting the name of the individual holding that office, was impermissibly imprecise. But the designation of a single person accomplished by job title rather than by name does not run afoul of the legislative intent, recognized in United States v. Giordano, 416 U.S. 505, 520, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), that the authority to approve applications be both narrowly confined and limited to those responsive to the political process. And the fact that Henry E. Petersen, who authorized the application, was by precise title the "Assistant Attorney General of the Criminal Division" in no way calls into question his identity as the individual whom Bork intended to designate.

Affirmed.