UNITED STATES of America,
Plaintiff-Appellee,

v.

J. D. BURKS, Defendant-Appellant.

No. 74–3426.
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1975.

Pat H. Watts, Jr., Pascagoula, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Burks was convicted on six counts of aiding and assisting in the preparation of false and fraudulent tax returns, in violation of 26 U.S.C.A. § 7206. He seeks reversal of his conviction contending that improper evidence was admitted at trial, and that the prosecutor's remarks were so prejudicial as to deny him a fair trial. We affirm.

An undercover agent went to Burks, who prepared a false return for him. Shortly thereafter a search warrant was obtained for seizure of Burks' tax returns, record books, computation books, and other books, documents or papers relating to the preparation of tax returns. During the search agents seized a letter from Burks to his sister stating that he had cornered the market because he got more back for his clients. A motion to suppress the letter because it was not listed on the search warrant was denied. The letter was not introduced in the Government's case in chief,

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 5 Cir. 1970, 431 F.2d 409, Part I.

rather it was used to cross-examine Burks for impeachment purposes and to show willfulness. In United States v. Kane, 5 Cir. 1971, 450 F.2d 77, 85, cert. denied, 1972, 405 U.S. 934, 92 S.Ct. 954, 30 L.Ed.2d 810, we said: "Evidence not described in a valid search warrant but having a nexus with the crime under investigation may be seized at the same time the described evidence is seized. [Citations omitted]." The letter had a nexus with the crime under investigation. It was properly admitted into evidence.

 Burks next argues that the remarks of the prosecutor in opening and closing arguments were so prejudicial as to deny him a fair trial. In opening the prosecutor stated, " . . . you could find that these people are lower class people who depended on Mr. Burks to prepare their tax returns properly." The statement was objected to by Burks. The prosecutor explained he meant no disrespect but stated that these people did not have the education or ability to understand how to fill out tax returns. The court commented that was how he understood the remark.

In closing the prosecutor noted that Burks had prepared 368 returns resulting in over $200,000 in tax deficiencies, and argued that "[a] bank robber doesn't make a haul like that." The statement was objected to and sustained, and the judge instructed the jury to disregard the remark. Later the prosecutor stated: "That's his people down in that community. They rely on him." Burks did not object to the remark but now alleges it was a racial slur, so prejudicial as to constitute plain error.

In United States v. Rhoden, 5 Cir. 1972, 453 F.2d 598, 600, in considering the question of alleged improper prosecutorial argument, we said:

Viewing the record as a whole, including those portions of the prosecutor's argument to which objection was made, in the context of a hotly con-

tested trial and in light of the cautionary instructions given by the trial court, we are convinced that no reversible error was committed. The prejudicial effect, if any, of the alleged improper argument appears to be slight, while the evidence of guilt is overwhelming. Considering the totality of all the circumstances, it is our conclusion beyond a reasonable doubt, that even if the argument was improper it constituted no more than harmless error. A defendant is entitled to a fair trial not a perfect one.

Judged by the *Rhoden* standard, the remarks do not add up to reversible error.

A review of the record reveals no other errors of law. The conviction is affirmed.