**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Holyoke McCOY, Jr.,**
**Defendant-Appellant.**

**No. 74–4209**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 11, 1975.

Rehearing Denied Sept. 10, 1975.

---

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas M. Haas, Mobile, Ala., for defendant-appellant.

C. S. White-Spunner, U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before THORNBERRY, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

William Holyoke McCoy, Jr., seeks reversal of his conviction for possession of a revolver received in interstate commerce after having been convicted of a felony in violation of 18 Appendix U.S.C. § 1202(a)(1). Appellant argues an illegal wiretap, an illegal seizure of weapons and an illegal search of his home, and trial error in allowing evidence of other weapons to be introduced into evidence and prejudicially used by the prosecution in argument. We affirm.

■ Solicitor General Bork, as Acting Attorney General, had authority to give authorization under 18 U.S.C.A. § 2516 for application to district courts for approval of electronic surveillance, 28 U.S.C.A. § 508(b); United States v. Pellicci, 504 F.2d 1106 (1st Cir. 1974), cert. denied, 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975).

Although the weapons seized were not described in the search warrant, such evidence having a nexus with the crime under investigation may be seized at the same time as the described evidence. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); United States v. Burks, 508 F.2d 672 (5th Cir. 1975); United States v. Kane, 450 F.2d 77 (5th Cir. 1971), cert. denied, 405 U.S. 934, 92 S.Ct. 954, 30 L.Ed.2d 810 (1972); Bryant v. United States, 252 F.2d 746 (5th Cir. 1958). The crime under investigation was gambling. The gun that was the basis of this conviction was found in a linen closet of defendant's residence resting on top of gambling paraphernalia consisting of cash and gambling slips. This was adjacent to the room in which defendant had his phone, books, betting sheets and other bookmaking materials. There was a sufficient nexus with the crime under investigation for the seizure.

Defendant objected to the admission into evidence of the seven other guns found in his residence. In its primary case, the Government introduced into evidence only the revolver charged in the complaint. Although the undisputed evidence showed that the revolver in question had been purchased by the defendant's agent, that the defendant had talked with the gun seller about details of the transaction, that the defendant himself signed required federal forms to purchase the weapon and that the revolver was delivered to the defendant's home by the defendant's agent, the defense attempted in cross-examination of the Government witnesses and in its own testimony to create the idea that the revolver in question had been purchased by the defendant's wife for her protection. The district court allowed the seven additional guns into evidence on the basis that their existence in the house disproved the idea that it was necessary for the wife to purchase a revolver since a number of other guns were available in the house. The court carefully limited the effect of that evidence at the time it was introduced and in its cautionary instructions to the jury.

There was no abuse of the broad discretion permitted trial courts in ruling on evidentiary questions. United States v. Pearson, 508 F.2d 595, 597 (5th Cir. 1975); United States v. Roger, 465 F.2d 996, 997 (5th Cir.), cert. denied, 409 U.S. 1047, 93 S.Ct. 517, 34 L.Ed.2d 498 (1972); United States v. Pentado, 463 F.2d 355, 360 (5th Cir.), cert. denied, 409 U.S. 1079, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972); O'Brien v. United States, 411 F.2d 522, 524 (5th Cir. 1969).

There was sufficient evidence of defendant's guilt. The Government introduced evidence of his prior conviction and the firearms registration form. The operator of the shop where the gun was purchased, testified that defendant bought the gun for himself. We find no reversible error in the conduct of the prosecuting attorney or in the court's charges.

Affirmed.