**UNITED STATES of America, Appellee,**

v.

**Reginald LYONS, a/k/a Reggie, a/k/a Casper, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Willie Renaldo ROYSTER, Appellant.**

**Nos. 81–5121, 81–5122.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1982.

Decided Dec. 14, 1982.

Michael Ian Gilbert, Hyattsville, Md., for appellant Lyons.

Richard D. Caplan, Hyattsville, Md. (Sanford Z. Berman, Pickett, Houlon & Berman, Hyattsville, Md., on brief), for appellant Royster.

Price O. Gielen, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Barbara S. Sale, Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Reginald Lyons and Willie Renaldo Royster appeal from the judgments entered upon their convictions for offenses involving the distribution of cocaine, asserting two grounds of reversible error. Their first contention is that the execution of a federal wiretap order by District of Columbia Met-

ropolitan Police Department members of the federal Drug Enforcement Agency joint task force constituted a violation of Title III of the Omnibus Crime Control Act, requiring suppression of the intercepted phone calls. We disagree, and adopt on this issue the precise and well-reasoned opinion of the district court. *United States v. Lyons,* 507 F.Supp. 551, 556–61 (D.Md.1981).

Defendants' second contention is that the admission at trial of evidence concerning their use of cocaine and negotiations concerning heroin to which defendant Lyons was a party was improper and prejudicial, in that the crime alleged involved the distribution of cocaine. We reject this argument. The evidence did show bad acts and other crimes, but its relevance outweighed its prejudicial effect. The evidence indicating use of cocaine to test the purity of the drug was an integral part of a cocaine distribution plan. Moreover, the evidence indicated that the defendants and a government witness distributed cocaine to one another for personal consumption. The reference to heroin was necessary to explain why Lyons had agreed to distribute cocaine to a government witness. We therefore find no error in the introduction of those statements.

AFFIRMED.