UNITED STATES of America, Plaintiff,

v.

Richard E. BYNUM, et al., Defendants.

Crim. No. 84–206–S.

United States District Court,
D. Massachusetts.

Sept. 13, 1984.

Oliver C. Mitchell, Jr., Asst. U.S. Atty., Boston, Mass., for plaintiff.

Willie J. Davis, Boston, Mass., for defendants.

ORDER ON MOTIONS TO SUPPRESS OF DEFENDANTS ARTIS HOWELL, SHARY HOWELL, STAFFORD, TUBBS AND WILLIAMS

SKINNER, District Judge.

The above-named defendants have moved to suppress evidence of intercepted telephone conversations on four grounds:

1. The assistant attorney general who authorized the interception was not properly designated by the attorney general.

2. The assistant attorney general relied entirely on the recommendation of a subordinate and did not exercise independent judgment.

3. A second application necessitated by a change in the number assigned to the targeted telephone failed to specifically name several defendants as participants in the suspected criminal activity although by this time their identities were known.

4. The wiretap was actually conducted by state police officers who had been temporarily appointed deputy United States marshals.

■ The application for the wiretap was authorized by Stephen S. Trott, who at all material times was the assistant attorney general in charge of the Criminal Division. On January 19, 1981, the then attorney general, Benjamin Civiletti, designated the assistant attorney general in charge of the Criminal Division to exercise the power

conferred on the attorney general to approve wiretap applications in accordance with 18 U.S.C. § 2516. Order No. 931–81. On February 27, 1981, the then and present attorney general, William French Smith, entered another order, 934–81, a copy of which is attached hereto as Appendix A. There is no need to consider whether Order No. 931–81 survived the change of administration because it is specifically continued in force by Smith's Order No. 934–81. The purpose of 934–81 is to provide an interim designee pending the appointment of a chief of the Criminal Division. Designation by title is sufficient. *United States v. Pellicci*, 504 F.2d 1106 (1st Cir.1974), *cert. denied*, 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975). I conclude that the application was duly authorized.

The defendant Tubbs has submitted a statement of Frederick D. Hess, Director, Office of Enforcement Operations, Criminal Division, United States Department of Justice, which details the administrative review of wiretap applications prior to their submission to the Chief of the Criminal Division for his approval. Nothing contained therein seems to me to impugn the validity of his approval or to undermine his individual responsibility therefor.

■ The failure to name some of the known participants in the alleged crime in the second application, while a violation of the statute, is not grounds for suppression of the wiretap evidence. *United States v. Donovan*, 429 U.S. 413, 434, 97 S.Ct. 658, 671, 50 L.Ed.2d 652 (1977). Nothing in *United States v. Diltz*, 622 F.2d 476 (10th Cir.1980) suggests the contrary, except the court's paraphrase of defendants' argument at page 480. Later on the same page, the court cites *United States v. Donovan*, *supra* and then makes the following statement.

> The Supreme Court, while recognizing that the identification requirement was important, said that failure to comply fully with the provision of that section did not render unlawful an intercept order that in all other respects satisfied the statutory requirements.

The *Diltz* case in fact turned on another issue, whether the government had probable cause to believe that the particular defendant was a participant in the crime at the time of the application.

■ The most troublesome issue is that of the use of state police officers to operate the wiretap equipment, because 18 U.S.C. § 2516 authorizes interceptions by the FBI "or a Federal agency having responsibility for the offense as to which the application is made...." Temporary appointment of the officers as deputy marshals avails nothing, since the marshals service has no responsibility for the investigation of drug offenses. It appears, however, from the affidavits of Assistant United States Attorney Mitchell and Agent Murphy that the state police were instructed by the federal agents and under their close supervision during the period of the electronic interception. There is no authority in this circuit. The only authority cited favors the government's position. *United States v. Lyons*, 507 F.Supp. 551 (D.Md. 1981) *aff'd* 695 F.2d 802 (4th Cir.1982). While I have some serious questions about the propriety of this practice, I am nevertheless persuaded by the careful opinion of the district judge in that case, which was adopted as its own by the Court of Appeals of the Fourth Circuit.

Accordingly, the motion to suppress is DENIED.

### APPENDIX A

Office of the Attorney General

Washington, D.C. 20530

SPECIAL DESIGNATION OF ASSISTANT ATTORNEY GENERAL IN CHARGE OF THE OFFICE FOR IMPROVEMENTS IN THE ADMINISTRATION OF JUSTICE TO AUTHORIZE APPLICATIONS FOR COURT ORDERS AND TO APPROVE EMERGENCY INTERCEPTIONS OF WIRE AND ORAL

COMMUNICATIONS UNDER CHAPTER 119, TITLE 18, UNITED STATES CODE

Order No. 934–81

Section 1. By virtue of the authority vested in me as Attorney General by 28 U.S.C. 509, 510, 5 U.S.C. 301, and 18 U.S.C. 2516, 2518(7) I hereby specially designate the Assistant Attorney General in charge of the Office for Improvements in the Administration of Justice (1) to exercise the power conferred by Section 2516 of Title 18, United States Code, to authorize applications to a Federal judge of competent jurisdiction for orders authorizing the interception of wire or oral communications by the Federal Bureau of Investigation or a Federal agency having responsibility for the investigation of the offense as to which such application is made, when such interception may provide evidence of any of the offenses specified in Section 2516 of Title 18, United States Code, and (2) when I am not in the District of Columbia or am otherwise not available, to exercise the power conferred by Section 2518(7) of Title 18, United States Code, to approve an emergency interception of wire or oral communications in accordance with the statutory requirements.

Sec. 2. Attorney General Order No. 931–81 of January 19, 1981 is hereby corrected, effective January 19, 1981, by deleting from the sixth line on the second page thereof the number "2510(7)," a typographical error, and substituting therefor "2518(7)." *Attorney General Order No. 931–81 remains in effect.*

Sec. 3. The designation made in Sec. 1 of this order shall terminate at such time as an Assistant Attorney General in charge of the Criminal Division, appointed with the advice and consent of the Senate, enters upon duty.

/s/   William French Smith
William French Smith
Attorney General

Date Feb. 27, 1981.