**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lee Erwin JOHNSON, Defendant–
Appellant.**

No. 94–2131.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 7, 1995.

Decided Aug. 24, 1995.

Jennifer J. Peregord (argued and briefed), Office of U.S. Atty., Detroit, MI, for U.S.

Jonathan Epstein, Andrew N. Wise (argued and briefed), Federal Public Defenders Office, Detroit, MI, for Lee Erwin Johnson.

Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant, Lee Erwin Johnson, appeals his jury conviction for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). On appeal, defendant argues that the District Court erred by failing to instruct the jury that he would be sentenced to a minimum sentence of fifteen

years if convicted. For the following reasons, we affirm.

## I.

On August 15, 1995, a jury convicted defendant of possessing ammunition in violation of 18 U.S.C. § 922(g)(1).[1] Section 922(g)(1) prohibits the possession of ammunition or firearms by anyone who previously has been convicted of a crime punishable by more than one year imprisonment. The Armed Career Criminal Act, 18 U.S.C. § 924(e), requires a minimum mandatory term of imprisonment of fifteen years upon conviction of violating section 922(g) if a defendant has three previous convictions for violent or serious drug offenses. As a result of defendant's previous criminal history, he was subject to the mandatory minimum sentence. Prior to the trial, defendant requested that the jury be informed of the fifteen year mandatory sentence. The District Court denied defendant's motion.

## II.

As a threshold matter, the government argues that defendant waived any claim of error regarding the jury instructions because he did not object to the instructions at the close of the trial as required by Rule 30 of the Federal Rules of Criminal Procedure. Rule 30 provides that "[a]t the close of the evidence or at such earlier time during the trial as the court reasonably directs" a party may file written requests for jury instructions. The rule also provides that "[n]o party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection."

■ The purpose of Rule 30 is to provide the court with the opportunity to correct any error in the jury instructions. *See United States v. Prujansky,* 415 F.2d 1045, 1048 (6th Cir.1969). In the instant case, defendant requested an instruction about the mandatory sentence prior to trial. After hearing argument on the issue, the District Court denied defendant's motion. Defendant should nevertheless have renewed his objection at the close of trial. *United States v. Sturman,* 951 F.2d 1466, 1475–76 (6th Cir. 1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2964, 119 L.Ed.2d 586 (1992). Instead, he expressed satisfaction with the court's instructions. Accordingly, we review for plain error. *See United States v. Goodlett,* 3 F.3d 976, 978 (6th Cir.1993).

## III.

Defendant concedes that when a jury has no statutory sentencing function, jury instructions regarding sentencing are inappropriate. *See, e.g., Shannon v. United States,* — U.S. ——, ——, 114 S.Ct. 2419, 2424, 129 L.Ed.2d 459 (1994). Defendant argues, however, that the United States Sentencing Guidelines and the Armed Career Criminal Act strip the court of any discretion with respect to sentencing, and, therefore, the jury is the de facto sentencer.

■ We reject defendant's argument. The Armed Career Criminal Act does not give jurors a role in sentencing. "The jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." *United States v. Del Toro,* 426 F.2d 181, 184 (5th Cir.), *cert. denied,* 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 60 (1970). When a jury has no sentencing role, providing sentencing information "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon,* — U.S. at ——, 114 S.Ct. at 2424. Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence

---

1. Defendant originally was indicted for two counts of violating 18 U.S.C. § 922(g). Count I alleged the possession of firearms; Count II alleged the possession of ammunition. Pursuant to a conditional Rule 11 plea agreement, defendant pled guilty to Count I and Count II was dismissed. On appeal, this Court reversed defendant's conviction on the conditional plea agreement. *See United States v. Johnson,* 22 F.3d 674 (6th Cir.1994). Count II was reinstated.

would be to invite jury nullification of the law. In *United States v. Calhoun,* 49 F.3d 231, 236 n. 6 (6th Cir.1995), this Circuit held that a defendant did not have the right to inform the jury of possible punishment or that the jury had the power to nullify the law. Moreover, every circuit to address this issue has held that a defendant is not entitled to an instruction about a mandatory sentence. *United States v. Parrish,* 925 F.2d 1293, 1299 (10th Cir.1991), *United States v. Delgado,* 914 F.2d 1062, 1067 (8th Cir.1990), *United States v. Broxton,* 926 F.2d 1180, 1183 (D.C.Cir.), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991), *United States v. Del Toro,* 426 F.2d 181, 184 (5th Cir.), *cert. denied,* 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 60 (1970). It was not plain error, indeed not error at all, to refuse the proffered instruction.

■ Defendant also argues that the jury should have been informed about the mandatory sentence to counter misleading remarks by the prosecutor. Specifically, defendant argues that the prosecutor minimized the seriousness of the crime, thus implying that defendant would not be subject to a long sentence. We do not believe that this is a fair reading of the prosecutor's remarks. In opening argument the prosecutor stated:

> This case is about bullets and ammunition, and you may say to yourself, "well, that doesn't sound like much," but what makes this case a violation of the law is the fact that these bullets and this ammunition were both possessed by a convicted felon, that man sitting at that table, Lee Erwin Johnson, and it's serious, ladies and gentlemen, because it is a felony.

J.A. at 122.

> In closing argument, the prosecutor stated:

> Now, you may think that this amount of ammunition and a person possessing the ammunition is not a very big thing. And, Ladies and Gentleman, I think when ordinary citizens having [sic] ammunition probably isn't a very big thing. But, what makes this a violation of the law is the fact that the Defendant is a convicted felon, and the law says, plain and simple, that once you are convicted of a felony, you can't have a gun and you can't have ammunition.

J.A. at 123–24. It is clear that the prosecutor was trying to convince the jury that defendant's crime was in fact quite serious. We, therefore, reject defendant's argument.

## IV.

Accordingly, the judgment of the District Court is AFFIRMED.