**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnny Lee MOORE, Defendant–
Appellant.**

**No. 96–6261.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 30, 1997.

Decided Nov. 21, 1997.

Stephen B. Shankman (argued), Doris A. Randle–Holt (briefed), Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Cam Towers Jones, Asst. U.S. Atty. (argued and briefed), Memphis, TN, for Plaintiff–Appellee.

Before: LIVELY, ENGEL, and NELSON, Circuit Judges.

## OPINION

LIVELY, Circuit Judge.

A jury convicted the defendant, Johnny Lee Moore, on nineteen counts of a superseding indictment charging credit card fraud, bank fraud and mail fraud, and fraudulent use of a social security account number. The evidence disclosed an elaborate scheme in which the defendant fraudulently obtained credit cards, then used the cards and "convenience checks" issued in connection with the cards to obtain goods and services as well as cash, and to pay his personal bills.

The defendant presents two issues on appeal, one related to the bank fraud counts and one to the mail fraud counts. First, he contends that the trial court's instructions on the bank fraud count did not ensure that the jury's verdict was unanimous. Second, he contends that the court's instructions on the mail fraud counts constructively amended the indictment, or, alternatively, that these instructions did not ensure that the jury's verdict was unanimous.

After careful consideration of the briefs and oral arguments, together with the record on appeal, the panel concludes that the district court's instructions sufficiently advised the jury that its verdict on each count must be unanimous, and that the instructions did not constructively amend the indictment. Accordingly, the judgment of the district court will be affirmed.

## I.

### A.

The bank fraud statute, 18 U.S.C. § 1344, provides:

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

In its instructions on the requirements for a conviction for bank fraud, the district court set forth the three elements of the offense. The court stated that the indictment charged the defendant with both a scheme to defraud and a scheme to obtain money or property, and instructed the jury with respect to the requirement for conviction as follows:

The statutory requirement, however, is that either of those be proved. It's not necessary that both be proved, even though the indictment alleges both. Similarly, it's not necessary that both the attempt and the actual execution of the scheme be proved. Either of those is sufficient. . . .

### B.

The mail fraud counts of the indictment, in describing the scheme to defraud, stated that the defendant "devised and intended to devise a scheme and artifice to defraud and obtain money" by means of fraudulent pretenses, representations, and processes. It then described the manner in which "the scheme and artifice to defraud and to obtain money" was carried out. In describing the way in which the defendant allegedly used the Postal Service, the indictment referred to "the aforesaid scheme and artifice to defraud," omitting the words "and to obtain money" that were included in the two earlier and several later descriptions of the scheme. In its instructions the court described the

first element of the mail fraud offense as "the act or acts of having devised or having intended to devise a scheme or artifice to defraud or attempt to defraud or obtain money by false or fraudulent representations as charged in the indictment...." As with the bank fraud counts, the court told the jury that "[t]he government need not establish that all the pretenses, that all the representations, statements and acts set forth in the indictment occurred. But must show beyond a reasonable doubt that one or more acts or statements occurred such as will satisfy you of the existence of the scheme to defraud or obtain money."

## C.

At the instruction conference preceding the charge to the jury, the defendant's counsel requested that the jury be instructed, with respect to the bank fraud counts, "that they have two separate offenses, plus two separate attempts that they have to reach a unanimous verdict on each one of the basically four offenses alleged in these counts...." Counsel continued: "That's the problem, that the government is alleging these multiple counts and there are two different crimes alleged in the same one, plus an attempt for each one.... As long as they are properly instructed and have a unanimous verdict on each one of the separate offenses." Counsel for the defendant renewed his objection at the conclusion of the court's charge, stating that the instruction as given "does not show the jury ... doesn't make it clear to the jury that they would have to reach a unanimous verdict as to each one separately." Before the jury retired, the court rephrased its instruction concerning "all the various acts ... set forth in the indictment" as follows:

Also, with respect to the bank fraud counts, you will recall that I told you in discussing the mail fraud counts that the government didn't have to show that all the various acts, representations and statements set forth in the indictment occurred, but must show beyond a reasonable doubt that one or more of the acts or statements occurred, such that will satisfy you of the existence of a scheme or artifice to defraud to obtain money.

That same instruction is also applicable to the bank fraud counts.

The court also instructed the jury that its verdict must be unanimous, that all jurors must agree.

## II.

■ The first question raised by the defendant's appeal is whether, under the circumstances of this case, the district court's general charge that the jury's verdict must be unanimous was sufficient, or whether "an augmented unanimity instruction" was required. This is the only issue with regard to the bank fraud counts and the alternative issue raised with respect to the mail fraud counts.

## A.

The defendant points out that the bank fraud counts charged that he knowingly executed and attempted to execute a scheme and artifice to defraud *and* to obtain money from a bank. He argues that, without a specific instruction advising the jury that it must make a unanimous finding as to either a scheme to defraud or a scheme to obtain money, there was a danger that the jury could have reached a "composite verdict" rather than agreeing unanimously on what specific proscribed act he committed. He makes the same argument with respect to the "attempt" allegations. Because each of these counts charges more than one offense, according to the defendant they are "duplicitous" and, without an augmented instruction, may have led the jury to find him guilty "without having reached a unanimous verdict on the commission of a particular offense." (Quoting *United States v. Robinson,* 651 F.2d 1188, 1194 (6th Cir.1981)). This possibility exists, the defendant asserts, because the bank fraud statute "establishes two distinct, albeit closely related offenses: (1) schemes to defraud financial institutions; and (2) schemes to obtain money, etc. from financial institutions by false pretenses, representations, or promises." See *United States v. Doherty,* 969 F.2d 425, 427 (7th Cir.1992); *United States v. Anderson,* 89 F.3d 1306, 1314 (6th Cir.1996).

## B.

The defendant places principal reliance on this court's decision in *United States v. Duncan*, 850 F.2d 1104 (6th Cir.1988). *Duncan* involved a prosecution for making false statements as to a material matter on a tax return. The statute involved in *Duncan* makes it a felony willfully to make and subscribe a tax return that the maker or subscriber does not believe to be true and correct in every material detail. 26 U.S.C. § 7206(1),(2). The *Duncan* court found that the tax return in question contained two separate and distinct material statements that the indictment charged were false. The court found that "[t]he structure of the indictment and ambiguous instructions given by the jury in response to a question from the jury combined to create a substantial likelihood of jury confusion, with the result that it is unclear which of the statements the jurors found to be false and whether their verdict on either was unanimous." *Id.* at 1105. The two allegedly false statements on the return in question, though part of a single conspiracy to deprive the government of taxes it was due, were clearly separate and distinct. One of the statements reported money received by the taxpayer as a capital gain when in fact it was known to be ordinary income, and the other claimed a deduction for an interest payment that the taxpayer had not in fact made. *Id.* at 1106. Defense counsel in *Duncan* requested instructions requiring the jury to find unanimously which of the two statements was false in order to convict, but the trial court declined to give it. Instead, the court gave a general instruction that each juror must agree in order for the jury to return a verdict. During the second day of deliberations, the jury sent a note to the court that indicated confusion and asked for a clarification concerning the two alleged false statements. After conferring with counsel, the court gave a supplemental instruction that if the jury was convinced that the defendant's tax return was false with respect to either one of the statements it should convict Duncan on that count. Defense counsel objected, referring to his earlier objection based on the fact that the count had two separate items that were alleged to be unlawful characterizations of taxable events.

This court concluded that the jury could convict only if it was unanimous as to one or other of the alleged false statements and that the jury was required to be told specifically of this unanimity requirement. The court reached this determination because "[a]lthough both the interest deduction and the income characterization arose from the same transaction, the circumstances of their formulation and the proof bearing upon their willful falsity were distinct." *Id.* at 1113. The court stated that the "touchstone" of decisions finding that a specific unanimity instruction is required is "the presence of a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts." *Id.* at 1114.

We have examined decisions from other courts of appeals cited by the defendant, some of which were considered by the *Duncan* court, and find that they add nothing to Judge Merritt's comprehensive treatment of the issue in *Duncan*. The government responds that this case is not one that required an augmented unanimity instruction. It distinguishes *Duncan* on several grounds, most particularly noting that under the evidence there was little or no likelihood of jury confusion with respect to the requirement for a unanimous verdict. The trial court's instruction, given several times, that the jury's verdict must be unanimous could not have been misunderstood. Furthermore, unlike the *Duncan* jury, the jury in this case did not advise the court of a problem with the unanimity instruction and request a clarification.

## C.

■ We review a jury charge as a whole to determine whether it "fairly and adequately submits the issues and applicable law to the jury." *United States v. Brown*, 946 F.2d 1191, 1194 (6th Cir.1991) (quoting *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir.1984)). Trial courts have broad discretion in framing jury instructions, and we reverse on this account only for an abuse of discretion; that is, when the instructions fail

to state the law accurately. *United States v. Busacca,* 863 F.2d 433, 435 (6th Cir.1988).

The *Duncan* court stated:

Sometimes alternative factual specifications are so closely related that a jury need not be unanimous as to which factual predicate or specification supports the defendant's guilt. Often this is a matter of common sense.

850 F.2d at 1111. We believe this is such a case. Rather than charging Johnny Moore with separate and distinct acts such as the two entirely stand-alone statements on Duncan's tax return, the indictment in the present case charges one purpose for the defendant's scheme—to obtain money illegally by defrauding a bank through the use of convenience checks acquired by means of false pretenses, representations, and promises. The connecting "and" between the two designated words does not indicate an accusation that the defendant committed separate and distinct offenses. Each false statement in *Duncan* produced a separate economic benefit for the taxpayer. That is not the case here; rather, the scheme to defraud is the scheme to obtain money. In reality, only one offense is charged—that Johnny Moore designed a scheme to obtain money from a bank through fraudulent conduct consisting of false pretenses, representations, or promises.

This court revisited the question of when an augmented unanimity instruction is required in the recent case of *United States v. Thomas,* 74 F.3d 701 (6th Cir.1996). Thomas was prosecuted for violation of federal obscenity laws by use of an electronic bulletin board. On appeal, defense counsel challenged the jury instructions, arguing that an augmented unanimity instruction was required because some counts of the indictment included more than one electronic file or videotape. At trial the defendant had not objected to an instruction that "[i]f more than one article is alleged to be obscene in a particular count, the government is required to show only that one of these articles was obscene." *Id.* at 712. Thus, this court reviewed for plain error. *Id.*

Upon reviewing and distinguishing *Duncan,* the *Thomas* court concluded that an augmented unanimity instruction was not required because the defendants had "not demonstrated that there was a tangible risk of jury confusion here." *Id.* Thus, the *Duncan* "touchstone" for finding an augmented unanimity instruction required was not present in *Thomas.* The court found that the counts in *Thomas* were not complex, there was no variance between the indictment and the proof at trial, and no reason to believe a jury would have any trouble deciding that one item in each of the counts of conviction was obscene. 74 F.3d at 713. The present case is more like *Thomas* than *Duncan.* Here, the bank fraud counts are straight-forward rather than complex and the defendant has identified no variance between the indictment and the evidence at trial. There is no basis for concluding that there was a genuine risk of jury confusion, particularly in view of the fact that the jury in this case, unlike the jury in *Duncan,* did not interrupt its deliberations to ask for clarification of the very issue that led to reversal.

### D.

The same analysis applies to the alternative theory with respect to the mail fraud counts presented in the defendant's second argument for reversal.

### III.

■ The defendant seizes on the fact that one paragraph in the three mail fraud counts omitted the words "and to obtain money" in describing the scheme for which he was prosecuted as the basis for an argument that the district court's instruction "constructively amended" the indictment. This occurred, according to the defendant, when the court included "or to obtain money" in its charge on the essential elements of the offense. We reject this argument. As noted earlier, several sentences in the mail fraud counts of the indictment charged Johnny Moore with devising a scheme to "defraud and to obtain money." Only in a single sentence in each count did the court omit the words "and to obtain money."

■ There is a per se rule prohibiting a judge from amending the terms of an indict-

848

ment. *United States v. Cusmano,* 659 F.2d 714, 717 (6th Cir.1981). "An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after a grand jury has passed upon them." *Id.* at 718 (quoting *Gaither v. United States,* 413 F.2d 1061, 1071 (D.C.Cir.1969)). The rule against amending an indictment after the grand jury has handed it up prevents a person from being tried for a crime other than the one for which he or she was indicted, contrary to the Fifth Amendment. We explained the purposes for the rule prohibiting amendment of indictments in *United States v. Beeler,* 587 F.2d 340 (6th Cir.1978):

> The purposes underlying the rule against amendments and constructive amendments include notice to the defendant of the charges he will face at trial, notice to the court so that it may determine if the alleged facts are sufficient in law to support a conviction, prevention of further prosecution for the same offense, and finally, of "paramount importance," the assurance that a group of citizens independent of prosecutors or law enforcement officials have reviewed the allegations and determined that the case is worthy of being presented to a jury for a determination of the defendant's guilt or innocence.

*Id.* at 342 (citing *United States v. Radetsky,* 535 F.2d 556, 562 (10th Cir.1976)).

In view of the repeated reference in the indictment in the present case to the mail order scheme as one to defraud and obtain money, the court's instructions did not constitute a constructive amendment. Anyone reading the mail fraud counts as a whole would understand the charges against the defendant, the defendant would know what charges he would face at trial, and the court would understand what was required for conviction. The court's instructions did not change the charge in any way, and raised no possibility that Moore could be prosecuted later for the same offense. Finally, there was no infringement of the defendant's right to be certain that a group of independent citizens had concluded that the allegations made to the grand jury made a case "worthy of being presented to a jury for a determina-

tion of the defendant's guilt or innocence." *Id.* The court's instructions did not broaden the scope of the indictment or require the defendant to defend against an uncharged scheme.

The judgment of the district court is **AFFIRMED**.