**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hoyt Lee McGEE, Defendant–
Appellant.**

No. 97–6349.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 3, 1999.

Decided April 1, 1999.

Stephen B. Shankman (argued and briefed), Regina C. Stephenson (briefed), Office of the Federal Public Defender for the Western District of Tennessee, Memphis, Tennessee, for Defendant–Appellant. Lisa J. Stark (argued and briefed), U.S. Department of Justice, Civil Rights Division, Washington, D.C., for Plaintiff–Appellee.

Before: SILER, BATCHELDER and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Hoyt Lee McGee challenges his jury conviction for interference with the federally protected rights of Calvin Davis, in violation of 18 U.S.C. § 245. Specifically, McGee argues that the district court erred by: (1) failing to dismiss the indictment because the certification necessary for prosecution was signed by an *acting* Associate Attorney General; (2) denying his motion for judg-

ment of acquittal based on the sufficiency of the evidence; (3) failing to instruct the jury as to his theory of the case; and (4) allowing a constructive amendment of the indictment. For the reasons that follow, we **AFFIRM** McGee's conviction.

## I.

On January 31, 1992, at approximately 11:30 p.m., Bulis Smith (a white man) and Calvin Davis (a black man) went to the State Line Club, a "honky-tonk" bar located in Counce, Tennessee, close to the Mississippi border. The bar is owned by Defendant McGee. Smith and Davis had been drinking beer, wine and moonshine for several hours and, according to Smith, by the time that they arrived at the State Line Club they were "buzzing pretty good but not that drunk." The men had really intended to go to the bar located next door to the State Line Club, the Cruise Inn, but ended up at the State Line Club instead.

As Smith and Davis attempted to enter the club, they were stopped by the bouncer, James Mobley. According to Smith and several witnesses, Mobley was attempting to forcibly push Smith and Davis out the door, at which time McGee—who had been sitting nearby—approached. McGee shouted at Davis something to the effect of "Get your black ass out of here, you stupid nigger." Some pushing and shoving took place and then Smith, Davis, McGee, Mobley and several other individuals ended up outside, fighting. At some point during the melee, Smith retrieved a heavy object from his truck and threw it through the plate glass window of the club. Smith then drove off in his truck.

Upon the breaking of the window, McGee retrieved his gun from behind the bar, returned outside, and hit Davis in the head with the gun. The force of the blow

ejected the clip from the gun, and Davis ran off with it. McGee told a friend that he let Davis leave with the clip because he "didn't feel like it was worth the trouble going after it and trying to retrieve it."

The following day, McGee told a friend that "[w]e had to whoop the hell out of a nigger." McGee also admitted hitting Davis in the head with the gun. The next day, Davis was found dead in the woods, beaten and stabbed, approximately eleven miles from the State Line Club.[1]

On January 28, 1997, a federal grand jury charged McGee and Mobley with interference with federally protected rights, in violation of 18 U.S.C. § 245. The indictment alleged that McGee and Mobley forcibly interfered with Davis in order to intimidate him on account of race from enjoying the privileges of the State Line Club, resulting in bodily injury, in violation of 18 U.S.C. §§ 245(b)(4)(A) and 2.[2]

Prior to trial, McGee filed a motion to dismiss the indictment. McGee argued that the government failed to provide the proper certification for the prosecution as required by 18 U.S.C. § 245(a)(1), because the certification was signed by the *acting* Associate Attorney General, rather than the Associate Attorney General. The district court denied the motion, finding that an acting Associate Attorney General is in fact the Associate Attorney General for purposes of § 245.

On July 29, 1997, a jury trial commenced. The government presented the testimony of Smith and other club patrons regarding the events that took place. In addition, the government presented testimony indicating that black patrons were not welcome in the club. McGee objected to any testimony regarding aspects of the altercation that occurred after Davis and Smith were denied entrance to the bar,

---

1. Davis's murder has never been solved.

2. The indictment alleged that McGee and Mobley also interfered with the federally protected rights of Smith. After the government's case-in-chief, however, the district

court granted defendants' motion for judgment of acquittal for the offense with respect to Smith, finding that Smith could not have been denied entrance to the club on account of his race because he is white.

arguing that it was irrelevant because the alleged offense—the denial of entrance into the club—had already been completed at that point. The district court disagreed and allowed the testimony, finding that such testimony was relevant to the issue of whether the defendants denied services to Davis and Smith.

Mobley testified on his own behalf. According to Mobley, Davis and Smith were intoxicated when they arrived and said that they wanted to play pool. Mobley told them that the pool tables were shut down for the night and that "you all have had a little too much to drink." Mobley testified that he told the men to "[p]lease come back later," but they would not leave and a fight broke out.

McGee presented the testimony of one witness, David Jerrolds, chairman of the Hardin County Beer Board. Jerrolds testified that a bar owner has a responsibility to deny entrance to an intoxicated person. McGee then renewed his motion for judgment of acquittal, arguing that based on the testimony of Jerrolds, a bar owner has the right to refuse entry to an intoxicated person. McGee thus contended that he had a legitimate legal reason to deny entrance to Davis. The district court denied the motion, stating that the issue was a factual dispute that McGee could argue to the jury.

McGee then asked the district court for a jury instruction regarding Davis's alleged intoxication and a bar owner's right to refuse admittance to an intoxicated person. After discussing the proposed instruction with the parties, the district court gave such an instruction, but modified it by stating that the jury should return a verdict of not guilty if it finds that Davis's intoxication was the *sole* reason he was denied admittance to the bar.

The jury convicted McGee, but acquitted Mobley. The district court sentenced McGee to fifty-two months' imprisonment, to be followed by two years' supervised release. McGee filed a timely notice of appeal.

## II.

### A. Certification Pursuant to 18 U.S.C. § 245(a)(1)

Title 18 U.S.C. § 245 makes it unlawful to forcibly interfere with an individual's federally protected rights on account of race. Section 245(a)(1) requires certification for a prosecution under this statute and provides in part:

No prosecution of any offense described in this section shall be undertaken by the United States except upon the certification in writing of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General specially designated by the Attorney General that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

At the time of the indictment in this case, the acting Associate Attorney General was John C. Dwyer. Dwyer had been appointed in an order by Attorney General Janet Reno, effective January 21, 1997, as follows:

By virtue of the authority vested in the Attorney General by law, including 28 U.S.C. §§ 509, 510, 5 U.S.C. § 301, and 28 C.F.R. § 0.132(c), I hereby designate John C. Dwyer to perform the functions and duties of and to act as Associate Attorney General.

On January 24, 1997, Dwyer signed a certification for the prosecution in this case that read as follows:

I, John C. Dwyer, hereby certify that in my judgment a prosecution by the United States of Hoyt Lee McGee for violating Title 18, United States Code, Section 245, is in the public interest and necessary to secure substantial justice. This certification is made pursuant to Title 18, United States Code, Section 245(a)(1).

McGee argues that Dwyer's certification was invalid because § 245(a)(1) does not designate an individual who is an acting Associate Attorney General with certification power; moreover, the statute expressly states that certification power cannot be delegated. The district court disagreed, however, stating that the issue was not really whether there was an impermissible delegation of power, but whether an acting Associate Attorney General possesses the powers of the Associate Attorney General within the meaning of § 245.

McGee continues to argue that the certification was invalid, relying on *United States v. Bronk*, 604 F.Supp. 743 (W.D.Wis.1985). In *Bronk*, a Wisconsin district court held that an acting Deputy Attorney General lacked authority to certify a prosecution pursuant to § 245(a)(1). *See* 604 F.Supp. at 751–52. In so finding, the *Bronk* court pointed to the specific language of § 245(a)(1), which did not designate an acting Deputy Attorney General with certification power. In fact, at the time of the *Bronk* decision, § 245(a)(1) only permitted certification for prosecution by "the Attorney General or the Deputy Attorney General."[3] The *Bronk* court emphasized that the statute specifically stated that certification was non-delegable; thus, to allow an acting Deputy Attorney General to certify a prosecution would be to allow an impermissible delegation of certification power.

Like the district court, we are not persuaded by *Bronk*. As the district court noted, there was no such "delegation" of power in this case. An acting official possesses all the powers that the official would normally possess. *See, e.g.*, 28 U.S.C. § 510; 28 C.F.R. § 0.132(c) ("In the event of a vacancy in the office of Associate Attorney General, the Attorney General may designate another official of the Department to perform the functions and duties of and act as Associate Attorney General."); *United States v. Pellicci*, 504 F.2d 1106, 1107 (1st Cir.1974). Thus, considering that the acting Associate Attorney General may perform the functions and duties of, and act as, the Associate Attorney General, there was not an impermissible delegation of power in this case. We therefore affirm the judgment of the district court with respect to this issue.

## B.   Sufficiency of the Evidence

McGee argues that the evidence presented was insufficient to support his conviction. Specifically, McGee argues that the government failed to establish: (1) that Davis was participating or attempting to participate in enjoying the services of the State Line Club; (2) that Davis was injured during the alleged violation of § 245; or (3) that Davis was denied entrance to the club because of his race. We must thus determine, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In order to support McGee's conviction pursuant to § 245(b), the government was required to establish that Davis was attempting to enjoy the services of the State Line Club, and that McGee prevented him from doing so by force or threat of force, on account of Davis's race, injuring him in the process. *See United States v. Woodlee*, 136 F.3d 1399, 1405 (10th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 107, 142 L.Ed.2d 85 (1998).

McGee contends that the government failed to present evidence indicating that Davis wanted to enjoy the services of the State Line Club. McGee argues that the government's evidence established that Davis and Smith really intended to go to

---

**3.**   Since that time, however, the statute was amended to allow certification by "the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General specially designated by the Attorney General."

the bar next door, the Cruise Inn. This argument lacks merit. It is not relevant whether Davis and Smith initially intended to go to the Cruise Inn or the State Line Club. The evidence showed that Davis and Smith attempted to enter the State Line Club but were stopped at the door of the bar and forcibly shoved outside. Accordingly, a reasonable jury could have concluded that Davis was attempting to enter the State Line Club to enjoy the services provided there.

■ McGee next contends that the evidence did not indicate that Davis was injured until *after* he was denied admittance to the State Line Club. McGee thus argues that the injury did not occur as a part of the charged offense. We disagree. The fight in the parking lot was a continuation of the confrontation at the door regarding Davis's admission into the club. The fight was not a separate occurrence, but a part of an ongoing course of events. The evidence clearly established that McGee hit Davis with a pistol; this fact was not disputed. Accordingly, a reasonable jury could have concluded that McGee injured Davis during the violation of § 245.

■ McGee also argues that the evidence was insufficient to support a finding that Davis was denied entrance to the club because of his race. According to McGee, the evidence indicated that Davis was intoxicated and, thus, McGee had a legitimate reason to deny Davis entrance to the club.

■ McGee's argument is wholly without merit. McGee appears to believe that so long as there was a legitimate reason to exclude Davis, McGee's true motivations in excluding Davis were not relevant. This is not an accurate statement of the law. Instead, the law provides that so long as racial animus is a substantial reason for a defendant's conduct, other motivations are not factors to be considered. *See United States v. Ebens,* 800 F.2d 1422, 1429 (6th Cir.1986), *abrogated on other grounds by Huddleston v. United States,* 485 U.S. 681,

108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). The evidence indicated that Davis was denied entrance to the bar, a fight ensued, and McGee and others used numerous racial epithets when referring to Davis. In addition, there was evidence that showed that blacks were not welcome in the State Line Club. Thus, a reasonable jury could have concluded that Davis's race was a substantial reason for his exclusion from the bar. Accordingly, the district court did not err by denying McGee's motion for judgment of acquittal based on the sufficiency of the evidence.

## C. Jury Instructions

■ Although McGee submitted a proposed instruction to the jury regarding Davis's alleged intoxication, McGee did not object to the jury instruction as given. Accordingly, this court reviews the instruction for plain error. *See United States v. Johnson,* 62 F.3d 849, 850 (6th Cir.1995).

■ McGee argues that the district court erred by failing to properly instruct the jury regarding Davis's alleged intoxication. Although the court gave such an instruction, McGee contests the district court's addition of the word "solely" to the jury instruction, such that the instruction read, "If you find that Mr. McGee refused to allow Mr. Davis to enter the club *solely* because he was intoxicated, you must return a verdict of not guilty."

Again, McGee misconstrues the law. So long as racial animus was a substantial factor, other motivations are not relevant. There was nothing about the instruction that affected McGee's "substantial rights" or "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Accordingly, the district court did not commit plain error.

## D. Constructive Amendment of the Indictment

■ McGee contends that a constructive amendment of the indictment occurred

because the court allowed the jury "to consider proof of bodily injury as an element of the Section 245 offense, when in fact the bodily injury, if any, occurred *after* Mr. Davis was refused admittance to the State Line Club."

██ An indictment is amended when the charging terms of the indictment are altered, either literally or in effect, after a grand jury has passed on them. *See United States v. Moore*, 129 F.3d 873, 878 (6th Cir.1997) (citation omitted). In this case, there is absolutely no evidence that the indictment was amended in any manner. Davis's injury occurred as a part of the ongoing offense at the State Line Club. Accordingly, there was no possibility that McGee was convicted of an offense other than the offense charged in the indictment. McGee's argument thus lacks merit.

### III.

For the foregoing reasons, we **AFFIRM** McGee's conviction.