**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rico Keon HENCE, Defendant–**
**Appellant.**

**No. 02–1354.**

United States Court of Appeals,
Sixth Circuit.

March 11, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

## ORDER

This is an appeal from a judgment and commitment order in a criminal prosecution. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Rico Keon Hence was indicted for being a felon in possession of a firearm. Hence was subsequently tried to a jury and found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(b)(1). The district court sentenced Hence to a fifty-one month term of imprisonment and a two year period of supervised release.

At trial the proof against Hence consisted of the testimony of four different law enforcement officers. Two of the officers, the arresting officer and his partner, testified that, on October 16, 2000, as they attempted to investigate a vehicle that was blocking traffic, one of two men leaning in the car window, Hence, walked away appearing to conceal something and entered a house. The officers pursued Hence. From outside the house, one officer testified he saw Hence take a pistol from his seat and put it under a couch cushion. When Hence came to the door, the officers took him into custody. Their versions of the traffic stop and subsequent arrest were consistent except for a disagreement as to whether the arresting officer briefly entered the residence before being confronted by Hence at the front door. A third police officer testified as to the lack of fingerprints or serial number on the pistol. The fourth agent merely linked the state court arrest and proceedings with federal criminal jurisdiction. The government rested its case in chief following the presentation of this testimony.

Counsel for Hence indicated that the only defense witness was not in the courtroom at that time after being in attendance "all day yesterday." Counsel requested a "ten or fifteen minute" recess in an effort to locate the witness and noted that, if the witness did not appear, the defense was "prepared to close now." The district court took a twenty-five minute recess and reconvened court to discover that the defense witness did not appear and that the defense had no other case to present. The court satisfied itself that Hence made a voluntary, informed decision not to testify in his behalf and counsel presented closing arguments to the jury.

The district court proceeded to instruct the jury following closing arguments. The court devoted a substantial portion of the instructions to offering the jury some guid-

ance to shape their evaluation of the credibility of the testimony presented. The court specifically told the members of the jury that they were free to believe or disbelieve any or all of the testimony and the court set out in great detail factors that may or may not influence the decision. Counsel for Hence did not object to any portion of the instruction and the case was given to the jury. The jury deliberated a short period of time before returning the verdict of record. Hence took an appeal and received new counsel for this purpose.

Hence's first appellate issue is that it was reversible error for the district court to have neglected to caution the jury not to accord undue weight to the testimony of the police officers simply because they were police officers. Not only did Hence's trial counsel fail to offer such an instruction to the district court, but trial counsel also failed to object to the omission of this cautionary instruction. Hence characterizes the absence of the instruction as plain error mandating reversal.

This issue has no support in law. The alleged necessary jury instruction was not requested by Hence's trial counsel nor was its absence noted in a contemporaneous objection. The district court's failure to so instruct the jury is therefore reviewed in this court for plain error. *See, e.g., United States v. McGee,* 173 F.3d 952, 957 (6th Cir.1999). Before this court can correct an error not raised at trial, there must be 1) error, 2) that is plain, and that 3) seriously affects substantial rights. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

The potential jurors clearly indicated, during voir dire, that they would need more than the unsupported testimony of an officer to convict Hence of the crime charged. The jurors were, in fact, exposed to the uncontradicted testimony of two officers placing convicted felon Hence in possession of a pistol without permis-

sion. The district court further bolstered the concern of Hence's defense counsel when it gave an expansive instruction to the effect that no juror was bound to believe any of the testimony presented if they found it inherently incredible based on their life experiences. The failure of the district court to give the instruction at issue falls woefully short of "plain error."

The second appellate claim is that Hence was denied the constitutionally effective assistance of trial counsel. This claim is based on the failure of defense counsel to file "any motions" on behalf of Hence or to "make an effort" to call the absent witness in Hence's defense. Neither of these claims is supported by any showing of actual prejudice, that is, there is no hint as to what motions should have been filed or the substance of the missing witness's testimony.

In general, a defendant may not raise a claim of ineffective assistance of counsel on direct appeal, as this generally precludes an opportunity to develop the record on the merits of the allegations. The usual course is to permit the defendant to raise his ineffective assistance of counsel claim in a post-conviction proceeding pursuant to 28 U.S.C. § 2255. *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). "[W]hen, however, the record is adequate to assess the merits of the defendant's allegations, some courts will consider them." *Id.* The case at bar does not present an adequately developed record so as to consider this issue. This claim is denied without prejudice to Hence raising it anew, should he choose to do so, in a collateral challenge to his conviction. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.